### PETITIONS UNDER THE JONES RESIDENCE LOCAL OPTION LAW.

Circuit Court of Hamilton County.

J. Elbert Thomas v. Leopold Markbreit, Mayor of the City of Cincinnati.

Decided, April 3, 1909.

*Liquor Laws—Construction of Section 2 of the Jones Local Option Law —Time for Filing Second Petition and for the Taking Effect of the Mayor's Decision.*

By the provisions of the Jones residence local option law a petition may be filed under Section 2 at any time after two years from the filing of a petition under Section 1, but the decision of the mayor under Section 2 can not take effect until two years after his decision under Section 1.

In the matter of the petition against prohibition of the sale of intoxicating liquors in a residence district (part of Winton Place) in the city of Cincinnati, Vice-Mayor Galvin rendered the following opinion:

"Under the provisions of what is commonly called the Jones law, being the act passed March 2, 1906, it is provided in Section 1 that whenever a majority of the qualified electors of a residence district in a municipal corporation shall sign a petition in favor of prohibiting the sale of intoxicating liquors as a beverage in such district and file the petition with the mayor or with a judge of the court of common pleas of the county in which the municipal corporation is situated, the mayor or judge shall examine the petition at a public hearing and decide whether a majority of the residents of such district have signed the same, and cause a copy of his decision to be filed with the clerk of the municipal corporation or council.

"Under this section, on the 10th day of January, 1907, a petition for a certain residence district embracing a part of what was formerly Winton Place was filed in the mayor's office. Thereafter this petition was found to contain the signatures of a majority of the residents of the district, and thereby under the provisions of the law, the said district became 'dry' or in the

language of the states, 'the sale of intoxicating liquors as a beverage' in said district became prohibited and unlawful.

"Section 2 of the same law provides that any time after two years shall have elapsed after the filing of a petition provided for in Section 1 of the act, another petition may be filed by a majority of the qualified electors against prohibiting the sale of intoxicating liquors as a beverage in such district, and upon a similar hearing before the mayor, or a judge of the court of common pleas, and a finding that a majority of the qualified electors of such district have signed the same, it shall be *prima facie* evidence that the sale of intoxicating liquors as a beverage in such residence district is not then and there prohibited.

"Under the provisions of this section, on the 13th day of February, 1909, a petition was filed in the office of the mayor against prohibiting the sale of liquor in the same residence district.

"This petition is signed by more than half of the residents of the district and it is conceded by the contestants that more than a majority of such residents have signed the same, and that the signatures are regular and the petition in proper form.

"The contestants however make one objection, and that is that the petition should not be entertained because it is filed before the time authorized by law.

"More than a majority of the residents of the district having signed the petition, the mayor must make the certificate to that effect, unless as claimed by the contestants, the mayor has no jurisdiction to entertain the petition because filed before the time provided.

"Section 2, if taken alone, clearly gives the right to a majority of persons in a residence district declared 'dry' under Section 1 to file a petition making the territory 'wet' again any time after two years from the filing of the petition under the first section.

"It is clear, therefore, to my mind that notwithstanding the provisions of law that the mayor or judge may wait forty days from the filing of the petition before making an order, and notwithstanding the provision that the territory shall not then become dry for thirty days thereafter, making seventy days after the filing of the petition when the territory really becomes 'dry,' nevertheless a second petition may be filed against the territory continuing 'dry' after the lapse of two years from the filing of the petition, although this may be seventy days less than two years after the territory really becomes 'dry.'

"It is claimed however that Section 6 of the act means that when a territory has been declared 'dry,' it shall so continue for two full years. I do not think that this section affects the

time within which a petition under Section 2 shall be filed with the mayor or judge of the common pleas court, and I am not called upon to construe that section or to determine whether the territory once declared 'dry' shall remain 'dry' for two years notwithstanding the filing of a petition under Section 2, and the finding of the mayor that said petition is signed by a majority of the qualified electors of the district. It may be possible that the construction put upon Section 6 by the counsel for the contestants, that it meant 'to give the petitioners under Section 1 two full years of undisturbed privilege under their petition,' may be upheld, and that the territory shall remain 'dry' for two years notwithstanding the filing of a petition before the expiration of two years against prohibiting the sale of liquor in the territory. I am not called upon to determine in any way, and I express no opinion as to the meaning of that section, but it is certain that under this law and under the provisions of Section 2 a majority of the qualified electors of the district may sign a petition against prohibiting the sale of liquor in the district and file the same with the mayor at any time after two years shall have elapsed from the filing of the petition upon which territory was declared 'dry.'

"It therefore follows that the petition having been filed after the time allowed by law, and containing decidedly more than a majority of the qualified electors of the district, that the finding must be made, certifying to the clerk of council that fact, and the same will be done."

Following the above decision the case was taken to the circuit court, where the subjoined decision was rendered:

*J. D. Creed, Fred P. Muhlhauser* and *Yeatman & Yeatman,* for the petitioner.

*George W. Crabbe,* for the contestants.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

The only question involved in this application for leave to file a petition in error is, whether a petition under Section 2 of the act of March 22, 1906 (98 O. L., 68), was prematurely filed with the mayor of Cincinnati.

That part of Section 2 applicable to the question is as follows:

"The petition provided for in this section shall not be filed until after two years or more shall have elapsed after the filing of the petition provided for in Section 1 of this act.".

While it is plain that the provision permits a filing of a petition at any time after two years from the filing of a petition provided for in Section 1, it does not attempt to limit the operation and effect of the decision of the mayor or judge upon the original petition.    This is provided for in Section 6 as follows:

"And the law shall remain in full force and effect in said .residence district for two years and thereafter until another petition is presented under the provisions of Section 2 of this act."

This provision does not mean that the law, under the decisions of the mayor or the judge, shall remain in force only until another petition is presented under Section-2; but at least two years and thereafter also, unless another petition is presented. It seems to contemplate a filing of the petition at such time as a decision thereon would not conflict with or annul the decision rendered under Section 1.    The petition under either section amounts to nothing until approved by the mayor or judge, and it is his decision that gives effect to the law, which according to Section 6 shall operate for at least two years from the time the petition is held sufficient by the mayor or judge.    The decision of the mayor or judge is, in the language of the act, only *prima facie* evidence, and a later one can not annul a former one, the duration of which is determined by the act itself.

It seems clear, therefore, that a petition under Section 2 may be filed at any time after two years from the filing under Section 1, and it is equally clear that the decision of the mayor under Section 2 can not take effect until two years after this decision under Section 1.    Leave to file petition in error denied.